■ In the Matter of BEATRICE L. CORCORAN, Petitioner, v NIRAV R. SHAH, M.D., M.P.H., Commissioner, New York State Department of Health, Respondent. [988 NYS2d 806]—

Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Monroe County [John J. Ark, J.], entered December 18, 2013) to review a determination of respondent. The determination, among other things, imposed an 18-month delay in petitioner's Medicaid eligibility.

It is hereby ordered that the determination is unanimously confirmed without costs and the petition is dismissed.

Memorandum: Petitioner commenced this CPLR article 78 proceeding challenging the determination that an 18-month delay in her Medicaid eligibility was properly imposed as a penalty for transferring resources in order to qualify for Medicaid coverage. We confirm the determination. Where a petitioner has transferred assets for less than fair market value, he or she must "rebut the presumption that the transfer of funds was motivated, in part if not in whole, by . . . anticipation of a future need to qualify for medical assistance" (*Matter*

of *Mallery v Shah*, 93 AD3d 936, 937 [2012] [internal quotation marks omitted]; *see Matter of Donvito v Shah*, 108 AD3d 1196, 1198 [2013]). Here, the New York State Department of Health determined that, during the 60-month look-back period, petitioner and her husband made uncompensated transfers of approximately $176,000 to their family members. The evidence presented at the hearing established that petitioner had mobility issues for several years prior to her hospitalization and application for Medicaid, and petitioner failed to submit any medical records to support the allegation that she was in good health. Furthermore, petitioner failed to establish that the transfers were "part of a long-standing pattern," inasmuch as she presented no evidence that substantial gifts such as the uncompensated transfers at issue were made in prior years (*see Matter of Lipkin v New York State Dept. of Social Servs.*, 146 AD2d 964, 964-965 [1989]). Thus, contrary to petitioner's contention, we conclude that substantial evidence supports the determination that petitioner failed to rebut the presumption that the transfers were motivated, at least in part, by a desire to qualify for Medicaid (*see Matter of Barbato v New York State Dept. of Health*, 65 AD3d 821, 822-823 [2009], *lv denied* 13 NY3d 712 [2009]). Present—Centra, J.P., Lindley, Sconiers, Valentino and DeJoseph, JJ.